Opinion issued May 28, 2009






 
 

 










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-09-00023-CV

____________


CITY OF HOUSTON, Appellant


V.


STEPHON LAMAR DAVIS, Appellee






On Appeal from the 239th District Court

Brazoria County, Texas

Trial Court Cause No. 45977






O P I N I O N 


 In this interlocutory appeal, (1) appellant, the City of Houston asserts in its sole
issue that the trial court erred by denying its plea to the jurisdiction. The City
contends appellee, Stephon Lamar Davis, failed to establish the City's waiver of
immunity for his claim that he was injured by a police dog that bit him after it escaped
from a police car. We conclude the trial court properly denied the plea to the
jurisdiction because the pleadings show the personal injury was caused by the police
officer's use of tangible personal property, the dog that bit Davis. We affirm. 

Background Houston Police Department Officer Briones was traveling through Manvel in
his patrol car when he was flagged down by Davis, who reported that a car had tried
to run him off of the road. Briones stopped the driver who was the subject of Davis's
complaint, while Davis pulled his car behind Briones's patrol car. As Davis
approached Briones, Briones's police dog leapt from the open door of the police car,
biting Davis. 

 Davis sued the City for damages under three theories of liability. First, Davis
claimed that Briones negligently left the door to the car open. Second, Davis alleged
that he would not have been injured had the car been equipped with a fence between
the front and back seats. Third, Davis asserted Briones negligently failed to secure
the dog so that it would not escape the car. The City filed a plea to the jurisdiction. 
Davis responded that immunity was waived, among other reasons, by the police
officer's "negligently allow[ing] a City of Houston canine dog to exit and attack
Plaintiff." The parties introduced no evidence for the trial court to decide the plea to
the jurisdiction. 

Plea to the Jurisdiction In its sole issue, the City challenges the trial court's decision to deny its plea
to the jurisdiction. Davis responds that the City's dog is tangible property used to
cause him injury. Specifically, Davis contends "the City of Houston canine dog
constitute[s] tangible property owned by the City of Houston and used by Officer
Briones in this case." In his petition, one of the acts of negligence alleged by Davis 
was Briones's "failing to secure the CITY OF HOUSTON, TEXAS police dog prior
to exiting the patrol car to prevent the dog from attacking innocent people."

 A plea to the jurisdiction challenges the trial court's authority to determine the
subject matter of the action. See Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999). The standard of review of an order denying a plea to the jurisdiction
based on governmental immunity is de novo. Tex. Natural Res. Conservation
Comm'n v. IT-Davy, 74 S.W.3d 849, 855 (Tex. 2002); Mayhew v. Town of Sunnyvale,
964 S.W.2d 922, 928 (Tex. 1998). It is the plaintiff's burden to allege facts that
affirmatively establish the trial court's subject matter jurisdiction. See Tex. Ass'n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). In determining
whether the plaintiff has met this burden, we look to the allegations in the plaintiff's
pleadings, accept them as true, and construe them in favor of the plaintiff. See Tex.
Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). A unit of state government is immune from suit and liability unless the state
consents. Jones, 8 S.W.3d at 638. Governmental immunity from suit defeats a trial
court's subject-matter jurisdiction and is properly asserted in a plea to the jurisdiction. 
Id. Generally, a party suing a governmental entity must establish consent to sue,
which may be alleged by reference either to a statute or to express legislative
permission. See id. 

 A governmental unit in the state is liable for "personal injury and death so
caused by a condition or use of tangible personal or real property if the governmental
unit would, were it a private person, be liable to the claimant according to Texas
law." Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2) (Vernon 2005). The Act
"provides a limited waiver of sovereign immunity" from suit. Tex. Dep't of Criminal
Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001); accord Dallas County Mental
Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 341 (Tex. 1998).

 For the Act's property waiver to apply, a condition or use of tangible personal
or real property must be involved. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). 
The personal injury must be "caused by" the condition or use of the property. Tex.
Civ. Prac. & Rem. Code Ann. § 101.021(2). The plaintiff must allege, among other
things, that the property's use proximately caused the personal injury. Bossley, 968
S.W.2d at 342-43. Here, there is no dispute that the pleadings allege a personal
injury proximately caused by the dog when it bit Davis. See id. 

 The dispute is whether the police officer was using the dog when the dog bit
Davis. Within section 101.021(2), "use" means "to put or [to] bring into action or
service; to employ for or [to] apply to a given purpose." Miller, 51 S.W.3d at 588
(quoting Mount Pleasant Indep. Sch. Dist. v. Lundburg, 766 S.W.2d 208, 211 (Tex.
1989)). It is not enough to show that property was involved. Id. "Using that
property must have actually caused the injury." Id. (holding Miller's medical
treatment might have furnished condition that made injury possible by suppressing
symptoms that TDCJ staff otherwise could have recognized as meningitis but
treatment did not actually cause Miller's death). In considering whether property is
in "use" for purposes of the Act, we consider the purpose for the property, whether
the use of the property was a direct factor in the injury, and whether the property did
more than merely furnish the condition that made the injury possible. See Retzlaff v.
Texas Dep't of Criminal Justice, 135 S.W.3d 731, 741 (Tex. App.--Houston [1st
Dist.] 2003, no pet.) (holding TDCJ used razor wire by putting wire into service for
given purpose when it placed wire along perimeter fence to deter inmates from
escaping; use of wire did more than merely furnish condition that made injury
possible and was direct factor in injury). The governmental unit must itself be the
user. Tex. A&M Univ. v. Bishop, 156 S.W.3d 580, 583 (Tex. 2005) (holding drama
club faculty advisors did not use property because they did not themselves put or
bring knife into action or service or employ knife for or apply it to given purpose);
San Antonio State Hosp. v. Cowan, 128 S.W.3d 244, 246 (Tex. 2004) (holding
hospital's immunity not waived by Cowan's own use of Cowan's walker and
suspenders to kill himself). To show "use" of property, it is not necessary to show
actual physical possession of the property. See Tex. State Technical Coll. v. Beavers,
218 S.W.3d 258, 263 (Tex. App.--Texarkana 2007, no pet.) (holding college used
hoist by instructing students in class on proper use of hoist, even though "instructor's
hands were not physically on the hoist when the injury occurred"). In determining
whether property is used, "one must take into account the entirety of the
circumstances under which the incident arose." Id. 

 Although the police officer did not verbally command or physically lead the
dog to attack, those circumstances are unnecessary to show use of property. See
Beavers, 218 S.W.3d at 263. The police dog's purpose was to assist in the officer's
performance of his police duties, which the officer was carrying out when he stopped
to help Davis. See Miller, 51 S.W.3d at 588. The dog directly caused the injury and,
therefore, the property did more than merely furnish the condition that made the
injury possible. See id.; Retzlaff, 135 S.W.3d at 741. The officer was the only person
in possession of the dog when the dog bit Davis; only the governmental unit was
itself the user. See Bishop, 156 S.W.3d at 583; Cowan, 128 S.W.3d at 246. Taking
into account the entirety of the circumstances under which the incident arose, the
pleadings allege that Officer Briones was in his patrol car with his police dog when
he stopped to respond to Davis's report of a crime. See Beavers, 218 S.W.3d at 263.

 We have found only one Texas case discussing "use" in the context of an
animal. See City of Dallas v. Heard, 252 S.W.3d 98,110 (Tex. App.--Dallas 2008,
pet. denied). In Heard, the Dallas Court of Appeals affirmed the denial of the City
of Dallas's plea to jurisdiction where the plaintiff alleged use of personal property,
a gorilla, caused personal injury when the gorilla escaped from its enclosure at the
zoo. Id. The court determined the City used the gorilla because the gorilla was an
attraction to generate revenue at the zoo. Id. This use satisfied the requirement that
the City put the gorilla "into action or service" and employed the gorilla for "a given
purpose." Id. Like the gorilla used to generate revenue at the zoo, here the police
dog's purpose was to assist the police officer in carrying out his law enforcement
duties for the City. See id. The City therefore placed the police dog "into action or
service" and employed the dog for "a given purpose." See id.

 We conclude the pleadings allege Briones was negligently using the police dog
without properly restraining the dog, which was a substantial factor in the dog
causing the injuries to Davis. Accepting Davis's allegations as true and construing
them in his favor, we hold the petition alleges a valid waiver of sovereign immunity. 
See Miranda, 133 S.W.3d at 226. 

 Conclusion


 Because Davis's allegations establish a waiver of sovereign immunity, we
affirm the decision of the trial court denying the City's plea to the jurisdiction. We
therefore do not reach Davis's further assertions that governmental immunity is
waived because the personal injury was proximately caused by the negligent
operation or use of a motor-driven vehicle and the car constituted used of tangible
personal property. 



 Elsa Alcala

 Justice


Panel consists of Justices Jennings, Alcala, and Higley.
1. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon 2008).