**Opinion issued April 24, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———

### NO. 01-13-00600-CV

———

**THE CITY OF HOUSTON, Appellant**

**V.**

**STEPHON LAMAR DAVIS, Appellee**

———

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 45977**

———

## MEMORANDUM OPINION

This is an interlocutory appeal from the trial court's denial of the City of

Houston's plea to the jurisdiction. Appellee Stephon Lamar Davis was bitten by

Houston Police Department Officer R.J. Briones's K-9 police dog after Briones

pulled over a car that had repeatedly tried to run Davis's SUV off the road. The City argues that the trial court erred in denying the plea because Briones and the City are immune and because the "emergency exception" to the Texas Tort Claims Act applies. We agree, and we therefore reverse and render judgment dismissing the suit for lack of jurisdiction.

## Background

Officer Briones pulled over a red car after Davis's wife told him that the car was trying to run Davis's SUV off the road. After Briones stopped the red car, Davis parked his SUV nearby and got out of it. He was bitten by Briones's K-9 police dog, Berro, who exited Briones's patrol car through the open driver's side door.

Davis sued the City, claiming that Briones negligently left open the door to the patrol car. He alleged that he would not have been injured had the patrol car been equipped with a fence between the front and back seats, and that Officer Briones negligently failed to secure Berro so that he would not escape the car.

### *The City's first plea to the jurisdiction*

The City filed a plea to the jurisdiction, arguing that Davis's pleadings did not allege an injury for which its immunity was waived. Davis responded that the City's immunity was waived, among other reasons, because Officer Briones negligently allowed a City of Houston dog to attack him. The City introduced no

2

evidence in support of the plea to the jurisdiction, and the trial court denied the plea. We affirmed because the pleadings alleged the negligent use of a dog, which is personal property, bringing it within the scope of the Texas Tort Claims Act. *See City of Houston v. Davis*, 294 S.W.3d 609, 613 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011) (governmental unit is liable for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law").

### *The City's second plea to the jurisdiction*

The City filed a second plea to the jurisdiction which it supported with evidence. The City argued that the Texas Tort Claims Act did not waive the City's immunity because the "emergency exception" applies. The "emergency exception" provides that there is no waiver of immunity when a governmental employee is responding to an emergency call or reacting to an emergency situation. TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2) (West 2011). The City contended that the evidence conclusively demonstrated that Briones was reacting to an emergency situation. Further, the City argued that even if the "emergency exception" did not apply, the Act waives immunity for tort suits only where the governmental employee would not be protected by official immunity, and the

evidence conclusively proved that Briones would be protected by official immunity.

The evidence submitted with the second plea to the jurisdiction demonstrated that on the night of the incident, at about 9:30 p.m., Officer Briones was driving his marked HPD K-9 patrol car from his home in Alvin to his assigned office in Houston. His canine partner, Berro, was also in the car because Berro lived at Briones's home as required by HPD policy. While traveling westbound on Highway 6 through the City of Manvel in Brazoria County, a speeding red car with its high beams on approached and passed Briones. Soon after, Davis pulled his white SUV up next to Officer Briones, and Davis's wife, who was in the passenger seat, motioned for Briones to roll down his window. When he did so, she told him that the red car had tried to run them off the road several times.

In response, Officer Briones activated his car's emergency lights and siren and pursued the red car. The red car pulled over and stopped in the center turning lane of the highway. Davis also pulled over and stopped. Briones contacted dispatch to report his location and the situation.

According to Officer Briones's deposition testimony, he was still in his car when he noticed a tall man approaching, yelling, and waving his arms. Briones did not know which car the man had come from, and he testified that he repeatedly told the man to "get back," but the man continued to approach. Because the man

4

was not complying with his commands, Briones exited his car and again told the man to "get back." When he exited his car, Briones left the door open. When the man continued to move closer, still yelling, Berro exited the car and bit the man on his left side. Briones called Berro off and then learned that the man was Davis, the driver of the white SUV.

In an affidavit filed in support of his response to the second plea to the jurisdiction, Davis acknowledged that the red car was trying to run his SUV off the road, and that his wife flagged down Officer Briones and told him that the red car was intentionally trying to run them off the road. However, Davis averred in the affidavit that Briones exited his car before Davis exited his SUV, and that while he walked towards the red car to talk to Officer Briones, Berro jumped out of the patrol car and bit him twice. Davis did not deny that Briones told him to get back or that he was yelling as he approached Briones. Davis also contended that he needed only to allege the use of a government motor vehicle in order for immunity to be waived. He further argued that the emergency exception did not apply because there was a genuine issue of material fact regarding whether the situation was an emergency. Finally, Davis argued that, because the dog bite resulted from Officer Briones's ministerial actions, Briones was not protected by official immunity.

The trial court denied the City's second plea to the jurisdiction, and this appeal followed.

## Discussion

The City contends that the trial court erred in denying its plea to the jurisdiction because (1) the "emergency exception" to the Texas Tort Claims Act applies and, (2) even if the "emergency exception" does not apply, the City retains its immunity under sections 101.021(1)(B) and 101.021(2) of the Act because Officer Briones is protected by official immunity.

### A. Standard of Review

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction to hear a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Kamel v. Univ. of Tex. Health Sci. Ctr.*, 333 S.W.3d 676, 681 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). The existence of subject-matter jurisdiction is a question of law that we review de novo. *State Dep't of Hwys. & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Kamel*, 333 S.W.3d at 681.

When, as here, a plea to the jurisdiction "challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, even where those facts may implicate the merits of the cause of action." *City of Waco v. Kirwan*, 298 S.W.3d

6

618, 622 (Tex. 2009) (internal quotation omitted). The plea to the jurisdiction standard mirrors that of a traditional motion for summary judgment. *See Tex. Dep't of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). When reviewing the evidence, we must take as true all evidence in favor of the nonmovant and "indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Kirwan*, 298 S.W.3d at 622 (quoting *Miranda*, 133 S.W.3d. at 228). If the evidence creates a fact question regarding jurisdiction, the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder; however, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea as a matter of law. *Kamel*, 333 S.W.3d at 681; *Miranda*, 133 S.W.3d at 227–28.

**B. Applicable Law**

Under the doctrine of governmental immunity, political subdivisions of the State, including municipalities, cannot be held liable for the actions of their employees unless a constitutional provision or statute waives that immunity. *See, e.g., City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). The Texas Tort Claims Act waives governmental immunity in limited circumstances. *See Tex. Dep't of Criminal Justice v. Miller*, 51 S.W.3d 583, 587 (Tex. 2001). Section 101.021 of the Act provides:

> A governmental unit in the state is liable for:
>
> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>
> > (A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
> >
> > (B) the employee would be personally liable to the claimant according to Texas law; and
>
> (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. §101.021.

The Act also enumerates exceptions to the waiver of immunity, including the "emergency exception" in section 101.055(2), which provides that the Act does not apply to a claim arising

> from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious indifference or reckless disregard for the safety of others.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). "When the exception applies, the [Act] is unavailable as a waiver of immunity even if the facts otherwise fall within a waiver found in section 101.021." *Kaufman Cnty. v. Leggett*, 396 S.W.3d. 24, 29 (Tex. App.—Dallas 2012, pet. denied) (citing *City of San Antonio v. Hartman*, 201 S.W.3d 667, 671–72 (Tex. 2006)). The Act does not define the terms "emergency call" or "emergency situation," but the Texas Supreme Court has interpreted the term "emergency" broadly. *See Hartman*, 201 S.W.3d at 673 ("[B]ecause the Act creates governmental liability where it would not otherwise exist, we cannot construe section 101.055(2) to exclude emergencies the Legislature might have intended to include.").

**C. Did the City conclusively prove that the "emergency exception" to the Texas Tort Claims Act applies?**

### 1. Was Officer Briones responding to an emergency call or reacting to an emergency situation?

In its plea to the jurisdiction, the City contended that Officer Briones was responding to an emergency call or reacting to an emergency situation when he pulled over the red car after being told that it had tried to run Davis's car off of the road several times. In his affidavit, Officer Briones averred that when Davis's wife told him that the red car had tried to run them off the road several times, he determined that an emergency situation existed and that he should pull over the red car. Davis acknowledges that Briones pulled over the red car because his wife told Briones that the red car tried to run them off the road.

We agree that the City conclusively proved that Officer Briones was reacting to an emergency situation when he stopped the red car. Although the statute does not define what constitutes an "emergency," the Texas Supreme Court has said that "we cannot construe section 101.055(2) to exclude emergencies the Legislature might have intended to include." *Id.* at 672–73 (rejecting appellate court's holding that "emergency" does not include "what might be colloquially referred to as an 'emergency'"); *see Tooke v. City of Mexia*, 197 S.W.3d 325, 333 (Tex. 2006) (waiver of immunity must be clear and unambiguous); *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 697 (Tex. 2003) (generally, ambiguity must be resolved

in favor of retaining immunity). Thus, the term "emergency" has been construed broadly. *See, e.g.*, *Hartman*, 201 S.W.3d at 672 (city was reacting to an emergency where, among other things, there was imminent threat of severe injury, loss of life or property due to city-wide flooding); *Pakdimounivong v. City of Arlington*, 219 S.W.3d 401, 410–11 (Tex. App.—Fort Worth 2006, pet. denied) (officers were reacting to emergency situation where suspect in back of patrol car tried to escape through window while being transported to jail); *see also Jefferson Cnty. v. Hudson*, No. 09-11-00168-CV, 2011 WL 3925724, at *3 (Tex. App.— Beaumont Aug. 25, 2011, no pet.) (mem. op.) ("emergency" refers to unforeseen circumstances requiring immediate action); *City of El Paso v. Segura*, No. 08-02-00240-CV, 2003 WL 1090661, at *3 (Tex. App.—El Paso March 13, 2003, pet. denied) (mem. op.) (plaintiff conceded that traffic accident in construction area, to which officers were responding when they moved large construction sign later struck by plaintiff, was emergency situation).

Here, it is undisputed that Davis's wife flagged down Officer Briones to tell him that the red car had tried to run Davis's SUV off of the road. Thus, Davis's own behavior regarding the red car indicated that it was a dangerous situation "requiring immediate action." *See Hudson*, 2011 WL 3925724, at *3. Officer Briones averred, and Davis does not dispute, that Briones would not have pulled over the red car "except for Ms. Davis asking [him] for help stating that the red car

11

had tried to run them off the road," and that he would not have pulled the red car over unless he thought that an "immediate response" was required. The information given to Officer Briones by Davis's wife indicated that an immediate response was necessary, because the red car was endangering the Davis SUV and could also pose an immediate danger to other drivers.

Davis contends that there is a genuine issue of material fact regarding whether an emergency situation existed for two reasons: (1) Briones did not use the term "emergency" during his deposition, but instead waited five years to mention it for the first time in his affidavit that supported the City's second plea to the jurisdiction, and (2) Briones's report following the incident stated that the offense was a "Traffic Violations/Moving (Class C)." Davis argues that because the "traffic stop in this case ended with the officer issuing traffic citations and no arrests were made," it was not an emergency situation.

However, regardless of whether Officer Briones used the term "emergency," or whether the situation ultimately led to the arrest of any person, Davis does not dispute that Briones pulled over the red car because his wife told Briones that the red car was trying to run them off the road. The Act refers to the "action of an employee while . . . reacting to an emergency situation." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). Davis agrees that Briones was reacting to his wife's report that the red car had intentionally tried to run the Davis SUV off of the

12

road, and that this was the only reason that Briones conducted the stop. The fact that no one was arrested, or that Briones did not specifically use the term "emergency" during his deposition, does not alter the undisputed facts regarding the reason Briones stopped the red car and the information to which he was reacting. *See, e.g.*, *Tex. Dep't of Pub. Safety v. Little*, 259 S.W.3d 236, 239 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (where officer did not learn that emergency situation did not exist until later, but was responding to mis-coded emergency call, no fact issue was raised regarding whether emergency exception applied). Accordingly, we conclude that Briones was reacting to an emergency situation and that Davis has not raised a fact issue regarding whether Briones was reacting to an emergency situation. *See id.* (burden is on the plaintiff to produce sufficient evidence to raise a fact issue concerning whether government employee was responding to an emergency); *see also Kamel*, 333 S.W.3d at 681 (if relevant evidence is undisputed or fails to raise a fact question on jurisdictional issue, the trial court rules on the plea as a matter of law).

**2. Did Officer Briones comply with the laws and ordinances applicable to emergency action, or, if no such laws existed, not act with conscious indifference or reckless disregard for the safety of others?**

The emergency exception applies only if the employee's action is "in compliance with the laws and ordinances applicable to emergency action, or in the absence of such a law or ordinance, if the action is not taken with conscious

13

indifference or reckless disregard for the safety of others." TEX. CIV. PRAC. & REM. CODE ANN. § 101.055(2). In its plea to the jurisdiction, the City contended Officer Briones complied with the applicable law in this circumstance, and that the evidence shows that he did not act with conscious indifference or reckless disregard for the safety of others.

The City contended that the "applicable law" here was Texas Transportation Code section 546.005, which provides the duty of care for an operator of an authorized emergency vehicle. *See* TEX. TRANSP. CODE ANN. § 546.005 (West 2011). That section provides that the operator of an authorized emergency vehicle is not relieved from (1) the duty to operate the vehicle with appropriate regard for the safety of all persons; or (2) the consequences of reckless disregard for the safety of others. *Id.* The City noted that the Texas Supreme Court has held that "although this provision imposes a duty to drive with due regard for others by avoiding negligent behavior, it only imposes liability for reckless conduct." *Garza v. City of Houston*, 2007 WL 2089287, at *2 n.4 (Tex. App.—Houston [14th Dist.] July 24, 2007, no pet.) (mem. op.) (citing *City of Amarillo v. Martin*, 971 S.W.2d 426, 431 (Tex. 1998)). The "reckless disregard" test "requires a showing of more than a momentary judgment lapse." *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 99 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (quoting *Martin*, 971 S.W.2d at 429–30). To establish recklessness in this context, the employee must have

14

committed an act that he knew or should have known posed a high degree of risk of serious injury. *Id.*; *Green v. Alford*, 274 S.W.3d 5, 22–23 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Here, the parties dispute whether Officer Briones's decision to leave the door to his patrol car open was an intentional decision, and whether Berro's actions were intended by Officer Briones or were an accident. However, even if leaving the car door open falls within the scope of "operation" of a vehicle, indulging every reasonable inference in Davis's favor, the evidence at most demonstrates that Officer Briones had a "momentary judgment lapse" in leaving the patrol car door open; it does not raise a fact issue regarding whether Briones, in leaving the car door open, committed an act that he knew or should have known posed a high degree of risk of serious injury. *See Kuhn*, 260 S.W.3d at 99. Officer Briones testified that, after completing his training, Berro had never bitten anyone other than in an appropriate situation where he was performing as trained. There was no controverting evidence showing that Officer Briones knew or should have known that leaving his patrol car door open posed a high degree of risk of serious injury from Berro.

Likewise, even in the absence of an applicable law or ordinance, the evidence fails to raise a fact issue regarding whether Briones acted with conscious indifference or reckless disregard in leaving the patrol car door open. The terms

15

"conscious indifference" and "reckless disregard" are not defined, and therefore we give them their ordinary meaning. TEX. GOV'T CODE ANN. § 312.002 (West 2013); *Hartman*, 201 S.W.3d at 672 n.19; *Kuhn*, 260 S.W.3d at 99; *Pakdimounivong*, 219 S.W.3d at 410–11. The Texas Supreme Court has said that these terms "require proof that a party knew the relevant facts but did not care about the result." *Kuhn*, 260 S.W.3d at 99 (quoting *Hartman*, 201 S.W.3d at 672 n.19). Here, indulging every reasonable inference in Davis's favor, no evidence shows that Officer Briones did not care what happened to Davis. *See Pakdimounivong*, 219 S.W.3d at 410–12 (holding that officers' actions were not taken with conscious indifference or reckless disregard for safety of deceased when no evidence showed that officers did not care what happened to deceased).

Davis contends that the "applicable law" in this circumstance is article 14.03 of the Code of Criminal Procedure and that Briones failed to comply with it. Article 14.03(g)(2) provides:

> A peace officer listed in Subdivision (3), Article 2.12, who is licensed under Chapter 1701, Occupations Code, and is outside of the officer's jurisdiction may arrest without a warrant a person who commits any offense within the officer's presence or view, except that an officer described in this subdivision who is outside of that officer's jurisdiction may arrest a person for a violation of Subtitle C, Title 7, Transportation Code, only if the offense is committed in the county or counties in which the municipality employing the peace officer is located.

16

TEX. CODE CRIM. PROC. ANN. art. 14.03(g)(2) (West Supp. 2013). Davis contends that this case involved a mere traffic stop involving a violation of Subtitle C, Title 7, Transportation Code. Accordingly, he argues that Briones violated applicable laws because he stopped the red car outside of his jurisdiction, Harris County. We disagree.

Davis admits that no arrest was made as a result of the incident, and he does not dispute that Officer Briones stopped the red car because Davis's wife told him that the red car was intentionally trying to run their SUV off of the road. Article 14.03(g), by its terms, does not prevent an officer from investigating or rendering aid when alerted to a dangerous situation by a member of the public. Thus, Davis has not raised a fact issue regarding whether Officer Briones failed to comply with the law applicable to reacting to a report that a car has attempted to run a motorist off of the road.[1]

We sustain the City's second issue. Because we hold that the trial court erred in denying the City's plea to the jurisdiction on this basis, we need not reach the City's first issue.

---

[1]  Davis also contends that subsection (g)(1), a provision similar to subsection (g)(2), but applicable to sheriffs, constables, their deputies, and investigators of district and county attorneys' offices, applies here. *See* TEX. CODE CRIM. PROC. ANN. arts. 2.12(1), (2), (5) (West Supp. 2013), 14.03(g)(1) (West Supp. 2013). Assuming that is true, Davis's argument that Briones violated (g)(1) would fail for the reasons discussed above.

## Conclusion

We reverse the trial court's order denying the City's plea to the jurisdiction and render judgment granting the City's plea to the jurisdiction and dismissing Davis's claims against the City with prejudice.


                                                Rebeca Huddle
                                                Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.