Opinion issued July 12, 2016



In The

# Court of Appeals

For The

## First District of Texas

————————————

### NO. 01-15-01042-CV

————————————

**CITY OF HOUSTON, Appellant**

**V.**

**JESUS ROMAN, INDIVIDUALLY AND AS NEXT FRIEND
OF G. R., A MINOR, Appellee**

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Case No. 2014-63729**

---

**MEMORANDUM OPINION**

A police dog attacked and injured Jesus Roman's son. On his son's behalf, Roman sued the City of Houston, alleging that the Houston Police Department officers charged with handling the dog were negligent. The City filed a plea to the jurisdiction asserting governmental immunity, which the trial court denied. The

City appeals. We conclude that Roman has alleged a claim that falls within the Texas Tort Claims Act, which provides that governmental immunity is waived for claims that fall within it. We therefore affirm the order of the trial court.

## BACKGROUND

Roman alleges that his son, G.R., and a friend were walking to a nearby park to play soccer. As they walked down a back street, a police car approached them. An officer got out of the car's passenger side door and started running toward the boys. The driver also exited the car, walked to the back of the car, and opened a door, letting a dog out. When the youths saw the dog running toward them, they fled, jumping a fence into an adjacent backyard. G.R. hid behind a trash can and waited. G.R. heard a gate open, and then a police dog attacked him, biting his right arm and lacerating an artery that required surgery. When G.R. tried to push the dog away, he alleges that the police officers threatened to shoot him. After "a minute," the officers told the dog to release G.R.

According to the City's evidence in support of its plea, two HPD officers were patrolling their beat in a residential neighborhood in southeast Houston on the day of the incident. The officers observed two youths trying to enter a back yard. The officers called out and commanded them to stop. Disregarding the officers' orders, the youths began to run. The officers radioed for assistance and chased the

youths on foot through a series of back yards. When the responding officers arrived, the police established a perimeter and requested a K-9 unit.

A short time later, Officer B. Schmidt and his dog, Jake, arrived at the scene. After conferring with the other officers, Schmidt let Jake out of the car. Schmidt and Jake tracked the youths over a fence and down the street until Jake stopped at a gate a few houses down. When Schmidt opened the gate, Jake ran to a trash can and jumped against it, knocking it over. G.R. fell out of the trash can. Jake bit G.R.'s forearm, tearing the skin. Seeing that G.R. was bleeding, Schmidt commanded Jake to stop, and Jake released G.R. An ambulance transported G.R. to the hospital, where his bite was treated.

## DISCUSSION

In its jurisdictional plea, the City argues that Roman has alleged an intentional tort, for which the Tort Claims Act does not waive governmental immunity. In the alternative, the City argues that the conduct alleged does not fall within the Tort Claims Act's waiver because it is not a "condition or use" of property. Roman responds that his claims sound in negligence and therefore immunity is waived.

## I. Standard of Review and Applicable Law

If a governmental unit has immunity from a claim pending against it, a trial court lacks subject-matter jurisdiction as to that claim. *Rusk State Hosp. v. Black*,

392 S.W.3d 88, 95 (Tex. 2012). The governmental unit may challenge the trial court's subject-matter jurisdiction by asserting a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). In a plea to the jurisdiction, a party may challenge the pleadings, the existence of jurisdictional facts, or both. *Id.* at 226–27. We review a trial court's ruling on a plea to the jurisdiction de novo. *Id.* at 228.

When a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating the court's jurisdiction. *Id.* at 226 (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). We construe the pleadings liberally in the plaintiff's favor and look to the pleader's intent. *Id.*

When the governmental unit challenges the existence of jurisdictional facts, and the parties submit evidence relevant to the jurisdictional challenge, we consider that evidence when necessary to resolve the jurisdictional issues raised. *Id.* The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* at 228. Under this standard, when reviewing a plea in which the pleading requirement has been met, we credit as true all evidence favoring the nonmovant and draw all reasonable inferences and resolve any doubts in the nonmovant's favor. *Id.*

4

Generally, governmental immunity protects governmental entities from suit or liability unless the entity consents to suit. *Miranda*, 133 S.W.3d at 224. The Texas Tort Claims Act waives this immunity for injuries "caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (West 2011). Thus, "[f]or the Act's property waiver to apply, a condition or use of tangible personal or real property must be involved." *City of Houston v. Davis*, 294 S.W.3d at 612 (citing TEX. CIV. PRAC. & REM CODE ANN. § 101.021(2)). "The plaintiff must allege, among other things, that the property's use proximately caused the personal injury." *Id.* As used in Section 101.021(2), the term "use" means "to put or [to] bring into action or service; to employ for or [to] apply to a given purpose." *Id.* (quoting *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001)).

The Tort Claims Act also establishes exceptions to its waiver of immunity for tort liability. *Id.* § 101.051 *et seq.* Intentional torts are not waived by the Act. *See id.* § 101.057(2); *Harris Cty. v. Cabazos*, 177 S.W.3d 105, 109 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

## II. Analysis

### A. A claim for failing to control a dog sounds in negligence, for which the Tort Claims Act waives immunity.

The City contends that Officer Schmidt acted intentionally when he deployed Jake and used him to track G.R. through the back yards; thus, it contends, G.R.'s injuries are the result of an intentional tort. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (West 2011). The City also observes that Jake released G.R. from his bite on Schmidt's command. The City argues that because Jake was under Officer Schmidt's control, Schmidt's conduct was intentional and cannot have been negligent.

The evidence adduced in connection with the jurisdictional plea is conflicting as to whether Schmidt guided Jake in connection with Jake's apprehension of G.R. or whether Jake attacked G.R. unguided by the officer. Even if Jake was under Schmidt's control generally, a defendant may be liable for negligence in handling an animal if he fails to exercise reasonable care to prevent the animal from injuring others. *See City of Houston v. Jenkins*, 363 S.W.3d 808, 816 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (citing *Williams v. Sable*, No. 14-09-00806-CV, 2011 WL 238288, at *3 (Tex. App.—Houston [14th Dist.] Jan. 25, 2011, no pet.) (mem. op.)). Roman alleges and has adduced some evidence of his claim that Schmidt failed to exercise reasonable care in controlling

Jake upon Jake's entry into the back yard, his approach toward G.R., and the resulting attack. *See id.*

Intentional conduct may give rise to liability for negligence when the actor does not exercise reasonable care; thus, while Schmidt may have intended to use Jake to locate G.R., a claim may sound in negligence if G.R. was injured by the failure to use reasonable care in controlling Jake during the search. *See*, *e.g.*, *Castro v. Cammerino*, 186 S.W.3d 671, 673–74 (Tex. App.—Dallas 2006, pet. denied) (affirming judgment of liability in negligence case against bus driver for running over pedestrian at intersection). The record does not establish that Schmidt intended to use Jake to injure G.R. Because Roman has adduced some evidence that Officer Schmidt negligently failed to control Jake, we hold that the intentional tort exception to the Tort Claims Act's waiver of immunity does not defeat Roman's claim at this stage of the proceedings. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2); *Miranda*, 133 S.W.3d at 226–28; *Jenkins*, 363 S.W.3d at 816; *Cabazos*, 177 S.W.3d at 109; *Poyner*, 64 S.W.3d at 199.

The City cites *Garland v. Rivera* for the proposition that the use of a police dog to locate and arrest a suspect is an intentional tort, which the Tort Claims Act excepts from its waiver of liability under Section 101.057. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.057; *City of Garland v. Rivera*, 146 S.W.3d 334, 337–38 (Tex. App.—Dallas 2004, no pet.). *Rivera*, however, is distinguishable. In *Rivera*,

when a suspect resisted arrest, the police used the dog, along with pepper spray, handcuffs, and "other departmentally issued property" to subdue him. *Rivera*, 146 S.W.3d at 337. The suspect died of blunt-force trauma. *Id.* The Dallas Court of Appeals held, in those circumstances, that the police officer's use of the police dog to subdue the suspect by force was an intentional battery, for which immunity was not waived. *See id.* at 337–38. In contrast, in this case, Roman denies that Officer Schmidt deliberately used Jake to subdue G.R. or to injure him before the attack; instead, he testified that the dog attacked him without any command from Schmidt. Thus, *Rivera* is inapposite. *Id.* at 337; *see also Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 577–78, 580 (Tex. 2001) (holding that conduct of police officer in blocking motorist's car in with cruiser, hitting her car window, threatening her with gun, and shooting at her tires was assaultive in nature and Act did not waive immunity); *City of Waco v. Williams*, 209 S.W.3d 216, 223 (Tex. App.—Waco 2006, pet. denied) (holding police use of taser in plaintiff's death was battery for which immunity was not waived).

B. **The failure to use a leash does not negate a waiver of immunity under the Tort Claims Act.**

The City further contends that Roman judicially admitted that the failure to leash Jake caused G.R.'s injury, and thus that Roman alleges a non-use of property, for which the Tort Claims Act does not waive immunity. Section 101.021 of the Tort Claims Act waives governmental immunity for injuries caused by a

8

"condition or use" of tangible personal property. TEX. CIV. PRAC. & REM. CODE ANN. § 101.021. The Texas Supreme Court defines "use" as "to put or bring into action or service [or] to employ for or apply to a given purpose." *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004). Allegations of non-use of personal property do not waive governmental immunity. *City of Sugarland v. Ballard*, 174 S.W.3d 259, 268 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

In another case involving a police dog bite, we rejected the City's contention and held that the use of the police dog sufficed to demonstrate "use" of property under the Act. *See City of Houston v. Davis*, 294 S.W.3d 609 (Tex. App.—Houston [1st Dist.] 2009, no pet.). In that case, a motorist stepped out of his car and approached a nearby police cruiser. *Id.* at 611. A police dog leapt from the cruiser's open door and bit the motorist. *Id.* We observed that "the police dog's purpose was to assist in the officer's performance of his police duties, which the officer was carrying out [at the time of the attack.]." *Id.* at 612–13 (citing *Miller*, 51 S.W.3d at 588). We accordingly held that the officer was using the dog within the meaning of the Act and held that governmental immunity was waived. *Id.* at 613.

Similarly, in this case, Jake was assisting Officer Schmidt in his duties by helping to track and locate G.R. Accepting Roman's pleadings as true and construing them in his favor, we hold that his petition alleges a claim for the

9

negligent use of a police dog, for which the Tort Claims Act waives immunity. Tex. Civ. Prac. & Rem. Code Ann. § 101.021; *Davis*, 294 S.W.3d at 613; *Miranda*, 133 S.W.3d at 226; *see also City of Dallas v. Heard*, 252 S.W.3d 98, 102, 110 (Tex. App.—Dallas 2008, pet. denied) (holding that zoo "used" gorilla within Act's definition by exhibiting it).

## CONCLUSION

We affirm the order of the trial court.


Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Massengale.