**CITY OF AMARILLO,**
**Texas, Appellant,**

**v.**

**Mary Francis PRUETT, Appellee.**

**No. 07–00–0398–CV.**

Court of Appeals of Texas,
Amarillo.

April 26, 2001.

Rehearing Overruled May 29, 2001.

Claud H. Drinnen, Asst. City Atty., Amarillo, for appellant.

Hoffman, Sheffield & Sauseda (Tim Hoffman), Amarillo, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

BOYD, Chief Justice.

Appellant, the City of Amarillo, Texas (the City), challenges a judgment in favor of appellee Mary Francis Pruett for personal injuries resulting from a motor vehicle accident that occurred as the result of the pursuit by police of another motorist. In four issues, the City contends that the trial court erred in refusing to 1) grant its motion for instructed verdict, 2) submit an instruction on "conscious indifference," 3) submit a good faith issue to the jury, and 4) was without jurisdiction because its sovereign immunity was not waived. For reasons we later express, we reverse the judgment of the trial court.

About 10:30 p.m. on July 30, 1993, a citizen approached two Amarillo police officers and asked them to investigate an intoxicated driver of a white Camaro automobile who was at a nearby service station. Amarillo Police Officer Luna went to investigate, and as he did so, he observed a white Camaro leaving the station with its lights off and driving north on Western Street within the city. While waiting for traffic to clear, Luna observed the vehicle driving erratically. Although he did not turn his overhead lights or siren on, Luna attempted to follow the vehicle. He temporarily lost sight of the vehicle at the intersection of Western Street and Plains Boulevard, but deduced that the Camaro had turned right at the intersection, and he also made a right hand turn there. While on Plains Boulevard, Luna saw the Camaro. He turned on his overhead lights and followed the Camaro through two left turns, one of which was made by the Camaro on a red light. The two automobiles ended up on Arch Terrace, a residential street, where Luna turned on his siren. The Camaro eventually drove over a curb onto Western and struck Mary Pruett's southbound vehicle on that street. Following the Camaro, Luna also hit the same curb, but did not hit any vehicles.

■ In its first issue, the City contends the court should have granted the City's motion for instructed verdict because, as a matter of law, Officer Luna did not act with the requisite reckless disregard for the safety of others. Buttressing that contention, the City reasons that by law a police officer is permitted to exceed the maximum speed limit when utilizing emergency equipment as long as the con-

duct does not rise to the level of recklessness. It then posits that Officer Luna's conduct in attempting to apprehend an intoxicated driver, demonstrates due regard for the safety of others. Thus, the gist of the City's argument is that the evidence is legally insufficient to support the jury verdict. In our review of a legal sufficiency challenge, we must examine the record in the light most favorable to the finding to determine if there is any probative evidence, or reasonable inferences from the evidence, that supports the verdict, and in doing so, we must disregard all evidence or reasonable inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965); *Raw Hide Oil & Gas, Inc. v. Maxus Exploration Co.*, 766 S.W.2d 264, 276 (Tex.App.—Amarillo 1988, writ denied).

█ At the time of this accident, the law provided that the driver of an emergency vehicle, when responding to an emergency call or when in pursuit of an actual or suspected violator of the law while using emergency signals, could exceed the maximum speed limit so long as he did not endanger life or property. Tex.Rev.Civ. Stat. Ann. art. 6701d § 24(b)-(d), *repealed* by Act of May 1, 1995, 74th Leg., R.S., ch. 165 § 1, 1995 Tex.Gen.Laws 1025 (current version at Tex. Transp. Code. Ann. § 546.001–005 (Vernon 1999)). However, the driver of such a vehicle was not relieved from a duty to drive with due regard for the safety of all persons and was not protected from the consequences of his reckless disregard for the safety of others. *Id.* § 24(e). That requirement has been interpreted to mean that while a duty is imposed to drive with due regard for others by avoiding negligent behavior, liability is imposed only for reckless conduct. *City of Amarillo v. Martin*, 971 S.W.2d 426, 431 (Tex.1998). To recover damages for an incident that occurred during the emergency operation of a vehicle, a plaintiff must show the operator committed an act that he knew or should have known posed a high degree of risk of serious injury. *Id.* at 430.

The City posits that the suspicion of driving while intoxicated justifies pursuit because "it cannot be said that the risk to the public from a pursuit is any greater than the risk created by allowing an intoxicated person to continue driving unfettered on the city streets," and therefore Officer Luna did not act in reckless disregard of the risks in his pursuit of the white Camaro. We are aware that our supreme court has recognized the forseeability and risk of fatal or injury-producing accidents resulting from intoxicated drivers in its decisions regarding the liability of businesses who serve alcoholic beverages to intoxicated patrons. *See El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). However, the supreme court has also acknowledged in *Martin* the "frequency with which emergency vehicles, particularly police cars in hot pursuit of criminal suspects, are associated with injurious or fatal traffic accidents." *Martin*, 971 S.W.2d at 432. Even so, the *Martin* court determined that liability should be imposed only if such conduct is reckless as opposed to merely negligent. It reasoned that must be so because of the need "to balance the safety of the public with the need for prompt responses to police, fire, and medical emergencies." *Id.* at 429. It is worthy of note that the *Martin* court did not hold that, as a matter of law, reckless conduct cannot occur when an intoxicated driver is pursued by law enforcement personnel.

The driver of the white Camaro testified he did not remember driving his vehicle that night, so there is no direct evidence as to whether he was attempting to elude the police by his actions. Officer Luna testified that he only intended to catch up to

the Camaro to make a traffic stop, and did not engage in a high speed chase because the danger to the public was too great for him to do so. Although he had previously testified he was seven or eight blocks behind the Camaro at all times, he retracted that testimony at trial and opined that he must have been closer. He averred that he lost sight of the car when he turned west on Arch Terrace. However, a few seconds later, he saw brake lights and notified his dispatcher that the car was running from him. He next saw a cloud of dust and accelerated. At that point, he said, he considered himself to be "in pursuit." Luna then saw the curb and yield sign, hit his brakes, and skidded across the lot onto Western Street. He did not consider himself in a high speed chase until the end at which time the wreck had already happened. Luna admitted his car put down skid marks before coming to a stop.

Appellee testified that the police car and the Camaro were close together. Alice Castro, who lived near the scene of the accident, testified that she heard a noise and went to her window. She saw a white Camaro coming across the street with a police car right behind it. She believed the police vehicle was in a chase with the Camaro and both cars were going fast. Lucy Barba, who lived at the same residence as Castro, said the police car was right behind the Camaro. She also believed the officer was involved in a high speed chase with the Camaro. Jeffrey Dougan, another witness, testified that the cars were apparently in a chase. He could not estimate the speeds, but the Camaro was going very fast and appeared to be out of control. He estimated the police car was about ten feet from the Camaro.

While the jury could have chosen to believe that Officer Luna did not decide to commence a chase until after the crash had occurred and the collision was solely the result of the conduct of the driver of the white Camaro, there is also testimony from which the jury could have found that Officer Luna was engaged in a high speed chase at the time of the collision between the Camaro and appellee. In view of the fact that the Camaro emerged from a residential area onto Western Street, and Luna averred that because of the amount of traffic on Western that night, he did not feel it was safe to engage in a high speed chase, the jury could also have reasonably believed that Luna should have known his high speed pursuit posed a high degree of risk of serious injury. We overrule the City's first issue.

■ In its second issue, the City argues that because it is an element of reckless disregard, the trial court erred in failing to submit to the jury an instruction on conscious indifference. In doing so, the City posits its requested instruction is justified by the definition of recklessness contained in *Wal–Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322 (Tex.1993), as well as by section 101 .055(2) of the Texas Civil Practice and Remedies Code. In the jury charge, "recklessness" was defined as meaning "that a person has intentionally done an act of unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow." The instruction requested by the City would have defined "recklessness" to mean "that an actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow, and which is accompanied by a conscious indifference to the consequences."

■ It is the duty of a trial court to submit such instructions and definitions to the jury as shall be proper to enable it to render a verdict. Tex.R. Civ. P. 277. For an instruction to be proper, it must assist

the jury, accurately state the law, and find support in the pleadings and evidence. *European Crossroads' Shopping Center, Ltd. v. Criswell*, 910 S.W.2d 45, 53 (Tex. App.—Dallas 1995, writ denied). If a trial court denies a requested instruction or definition, the question for appellate review is whether the request was reasonably necessary to enable the jury to render a proper verdict. *Brookshire Bros., Inc. v. Lewis*, 997 S.W.2d 908, 921 (Tex.App.— Beaumont 1999, pet. denied); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 740–41 (Tex.App.—Houston [1st Dist.] 1992, writ denied). If the refusal is based upon the determination that the requested instruction is not necessary, abuse of discretion is the proper standard of review. *Lone Star Ford*, 838 S.W.2d at 740–41.

■ One of the necessities in determining whether Officer Luna was reckless is to decide if he acted in accordance with the laws and ordinances applicable to emergency action. The determination of conscious indifference is a default standard only used in the absence of a law or ordinance defining a standard. Moreover, while the *Wal–Mart* case addressed the definition of gross negligence, the Texas Supreme Court clearly stated in *Martin* that to recover damages resulting from an emergency operation of a vehicle, the plaintiff must show the operator had committed an act that he knew or should have known posed a high degree of risk of serous injury. *Martin*, 971 S.W.2d at 430. The court reiterated that explication in *Kolster v. City of El Paso*, 972 S.W.2d 58, 59 (Tex.1998). The court made no mention of an additional requirement that the jury must also find conscious indifference on the part of the emergency vehicle operator. The trial court did not err in refusing the requested instruction, and we overrule the City's second issue.

■ In its third issue, the City contends the trial court erred in refusing to submit an issue to the jury on good faith. The underlying suit was brought on a theory of recklessness and, in its responsive pleadings, the City pled official immunity as an affirmative defense. Officer Luna was entitled to official immunity if he was performing a discretionary duty in good faith and within the scope of his authority. *See City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex.1994). If Officer Luna was immune from suit, he was not personally liable pursuant to section 101.021 of the Civil Practice and Remedies Code.

■ A municipality, as a subdivision of the state, is not liable for the acts or conduct of its officers or employees unless the municipality's common law immunity is waived by the Texas Tort Claims Act. *City of Lancaster*, 883 S.W.2d at 658. As relevant here, that Act provides a municipality is liable for property damage, personal injury, and death proximately caused by the negligence of an employee acting within the scope of employment if the property damage, personal injury, or death arises from the operation of a motor vehicle and if "the employee would be personally liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1) (Vernon 1997). Thus, if Luna was immune from suit, he would not be personally liable to appellee and the City would not have its common law immunity waived by the Texas Torts Claims Act. *Id.* Appellee questions whether Officer Luna was acting in good faith so as to be entitled to official immunity.

With reference to the good faith question, in *City of Lancaster*, the court explicated that an officer acts in good faith in a pursuit case if "a reasonably prudent officer, under the same or similar circumstances, could have believed that the need

to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit." *City of Lancaster*, 883 S.W.2d at 656. Appellee argues that where there is a finding of reckless conduct, as a matter of law, there can be no common law official immunity. However, in a footnote, the *City of Lancaster* court noted that, in the absence of an expression of legislative intent, violation of article 6701d of the Revised Civil Statutes (the statute then in force), did not preclude the application of the official immunity doctrine to emergency vehicle operators. *Id.* n. 5. We also note that the *Martin* definition of recklessness requires an act that poses a high risk of serious injury, while good faith, as defined in *City of Lancaster,* not only includes the risk of harm in continuing pursuit, but also encompasses a consideration of the need to apprehend the suspect.

█ In *Wadewitz v. Montgomery*, 951 S.W.2d 464 (Tex.1997), the court said "good faith" depends upon how a reasonably prudent officer could have assessed both the need to which an officer responds and the risks of the course of action, based upon the officer's perception of the facts at the time of the event. *Id.* at 467. The "need" factor is determined by the urgency of the circumstances requiring police intervention, and the "risk" aspect refers to the nature and severity of harm that the officer's actions could cause, the likelihood that any harm would occur, and whether any risk of harm would be clear to a reasonably prudent officer. *Id.*

█ When controverting proof has been presented in response to a summary judgment motion based upon official immunity, the question of good faith must go to the jury to resolve the faith issue. *City of Pharr v. Ruiz*, 944 S.W.2d 709, 716 (Tex.App.—Corpus Christi 1997, no writ). The City previously, and unsuccessfully, appealed the trial court's denial of its motion seeking summary judgment on the basis that Officer Luna acted in good faith as a matter of law. We affirmed the denial of that summary judgment. We remain convinced that the question of the officer's good faith was an issue to be resolved by the jury. While the issue of causation is not before this court, the only liability question the trial court submitted to the jury was whether the recklessness of Officer Luna, if any, proximately caused the occurrence in question. It is, of course, the obligation of the trial court to submit to the jury the fact issues raised by the evidence and the failure to do so is reversible error. *Chrysler Corp. v. McMorries*, 657 S.W.2d 858, 866 (Tex.App.—Amarillo 1983, no writ).

Reiterated, Officer Luna testified that after receiving a complaint by a citizen about an intoxicated individual at a service station, he saw a vehicle leaving the station at night with its headlights off moving erratically between traffic lanes. Luna initially followed the car without activating his overhead lights and siren only intending to catch up and make a traffic stop to determine whether the driver was intoxicated. Because of the volume of traffic on Western Street at the time, he felt it was not safe to initiate a high speed chase. In making a traffic stop, Luna said he would only turn on his emergency equipment when he was directly behind a suspect. Luna admitted it would be dangerous to chase an individual who does not have his headlights on or to chase a person through a residential area at a high rate of speed. Luna activated his emergency lights on Plains Boulevard to warn traffic of his presence. On Arch Terrace, the officer averred that he activated his siren to warn citizens of the suspect's presence. Luna testified he only accelerated after he observed the Camaro's brake lights on Arch

Terrace amid a cloud of dust. At that point, a jury could reasonably believe the officer could have decided that the need to intervene outweighed the risks of pursuit he had previously considered. This evidence was sufficient to raise a fact question to be resolved by the trial jury. In failing to submit the question to the jury, the trial court reversibly erred. We therefore sustain the City's third point.

■ In its fourth issue, the City argues the trial court was without jurisdiction because it had never waived its sovereign immunity. The gist of its supporting argument is that recklessness equates to gross negligence and the Texas Tort Claims Act does not waive sovereign immunity for gross negligence. As we have previously discussed, the Texas Torts Claims Act waives municipal immunity for governmental functions when personal injury is proximately caused by the negligence of an employee acting within his scope of employment if the injury arises from the operation or use of a motor-driven vehicle or equipment and the employee would be personally liable under Texas law. Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1) (Vernon 1997). Police and fire protection and control are governmental functions. *Id.* § 101.0215(a)(1) (Vernon Supp.2001). Despite the waiver of immunity, the award of exemplary damages is not authorized. *Id.* § 101.024 (Vernon 1997). Specifically, with respect to emergency vehicles, immunity is not waived for claims arising from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency actions, or in the absence of such a law or ordinance, the action is not taken with conscious indifference or reckless disregard for the safety of others. *Id.* § 101.055.

In our discussion of the City's first point, we noted the statutes applicable to the operation of emergency vehicles, as well as the *Martin* explication that the driver of an emergency vehicle is liable for reckless conduct, which the court did not equate with intentional conduct. Because it was not challenged in this appeal, we do not discuss the inclusion in the jury charge of a definition of recklessness that required a person to have *intentionally* done an act of unreasonable character.

For reasons we discussed above, the jury could have found Officer Luna's conduct to be reckless within the purview of the statute. If it had done so, the City would not have been entitled to sovereign immunity. The City's fourth issue is overruled.

In summary, we overrule the City's first, second, and fourth issues. However, we sustain the City's third issue and that sustention requires us to reverse the judgment of the trial court and remand this cause to that court for further proceedings in accordance with this opinion.