**AFFIRM and Opinion Filed May 12, 2023**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00826-CV**

**THE CITY OF MESQUITE, TEXAS, Appellant**
**V.**
**ANTHONY WAGNER, Appellee**

**On Appeal from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-02864**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Kennedy
Opinion by Justice Kennedy

Appellee Anthony Wagner sued the City of Mesquite (City) after he was bitten by a City police service dog during his arrest for suspicion of burglary. Wagner alleged he was injured as a result of Mesquite police officer Jason Crawford's negligent handling of the canine and asserted that the City's governmental immunity had been waived under section 101.021(2) of the Texas Tort Claims Act (TTCA).[1] The City filed a plea to the jurisdiction asserting its immunity had not been waived

---

[1] Section 101.021(2) of the TTCA provides that a governmental unit is liable for "personal injury or death so caused by a condition or use of tangible personal property or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2).

under the TTCA. The trial court denied the City's plea. The City asserts the trial court erred in denying its plea because Wagner's claim does not fall within the TTCA's limited waiver of governmental immunity and is otherwise excepted from waiver by various provisions of the TTCA. We affirm the trial court's ruling on the City's plea to the jurisdiction. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

## BACKGROUND

On March 29, 2020, at approximately 3:30 a.m., Officer Crawford, along with canine officer Kozmo, responded to a call from the Garland Police Department for K-9 assistance in the search for and pursuit of three burglary suspects. During the pursuit, Kozmo bit Wagner on the shoulder and head. Thereafter, Officer Crawford prepared a memorandum concerning the event. The memorandum is dated March 29, 2020, with a subject of "Unintentional Bite – Anthony Wagner."

On March 14, 2022, Wagner filed suit against the City asserting a negligence claim. Wagner alleged Officer Crawford was negligent in the handling of Kozmo thereby causing him injury and set forth in detail the bases for his assertion that the City's governmental immunity had been waived under the TTCA. The City answered generally denying Wagner's allegations and asserting various defenses, including governmental immunity.

The City filed a plea to the jurisdiction claiming Wagner's claim does not fall within, or is excepted from, the TTCA's limited waiver of immunity because

(1) Officer Crawford is entitled to official immunity and his immunity extends to the City, (2) the claimed injury was not caused by the use of tangible personal property, as required to invoke the waiver of immunity under the TTCA, (3) the claim arises from intentional, rather than, negligent acts, TEX. CIV. PRAC. & REM. CODE ANN. § 101.057(2) (excepting intentional torts from the TTCA's waiver of immunity), and (4) Officer Crawford was responding to an emergency at the time Wagner was injured, *id.* § 101.055(2) (excepting from the TTCA's waiver of immunity claims arising from the action of a governmental employee while responding to an emergency call or reacting to an emergency situation if the action is not taken with conscious indifference or reckless disregard of the safety of others). In support of its plea, the City included an affidavit signed by Officer Crawford dated April 8, 2022. In his affidavit, Officer Crawford recounted (1) how he and Kozmo responded to the call for K-9 assistance, (2) how he deployed Kozmo, (3) the circumstances surrounding the search and pursuit, (4) how Kozmo lunged toward Wagner, tripping Officer Crawford and causing him to fall to the ground, (5) how he regained control of Kozmo after he bit Wagner, and (6) how he did not expect or intend for Kozmo to lunge at or injure Wagner.

In response to the City's plea, Wagner urged the City's immunity had been waived under section 101.021(2) of the TTCA and presented Officer Crawford's March 29, 2020 memorandum regarding the "Unintentional Bite – Anthony Wagner." In that memorandum, Officer Crawford stated:

As I passed by Officer Hanks and was watching the officers running in front of me, I failed to properly control my lead and Kozmo darted from my left side to my right side and bit Mr. Wagner. When Kozmo passed in front of me, I tripped over him and fell to the ground.

. . . .

Per my body-worn camera it appears approximately 10 seconds elapsed from the time Kozmo bit him to the time he was off the bite.

. . . .

The extremely dark environment, my belief that I had allowed enough room to safely get by Mr. Wagner, and my fall over PSD Kozmo when he cut in front of me all contributed to this outcome. That being said, the conditions and distance are things I should have anticipated and accounted for.

The trial court denied the City's plea to the jurisdiction and this interlocutory appeal followed. *See id.* § 51.014(a)(8) (allowing an appeal from an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit).

## DISCUSSION

### I. Standard of Review

A plea to the jurisdiction is a dilatory plea in which a party challenges a court's authority to determine the subject matter of the action. *Rawlings v. Gonzalez*, 407 S.W.3d 420, 425 (Tex. App.—Dallas 2013, no pet.). The existence of subject-matter jurisdiction is a question of law; therefore, we review de novo the trial court's ruling on a plea to the jurisdiction. *Id.*

A governmental entity's plea to the jurisdiction can be based on pleadings or evidence. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). When a plea to the jurisdiction challenges, in whole or in part, the existence

–4–

of jurisdictional facts, we consider the relevant evidence submitted by the parties to determine if a fact issue exists. *Id.* at 227.

The standard of review for a jurisdictional plea based on evidence "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* at 228; *City of Dallas v. Prado*, 373 S.W.3d 848, 852 (Tex. App.—Dallas 2012, no pet.). The burden is on the governmental entity, as movant, to present evidence sufficient to negate jurisdiction. *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 391 (Tex. 2016). If it meets that burden, the burden shifts to the plaintiff, as the nonmovant, to demonstrate a factual dispute on the jurisdictional issue. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the factfinder. *Id.* at 392. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* In determining whether either party satisfied its burden, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in his favor. *Id.* at 391–92.

## II. Governmental Immunity

A municipality, as a political subdivision of the state, is not liable for the acts or conduct of its officers or employees unless the municipality's common-law immunity is waived by the TTCA. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 658 (Tex. 1994). The TTCA waives immunity from liability and suit in a number

of circumstances. *City of San Antonio v. Harman*, 201 S.W.3d 667, 671–72 (Tex. 2006). As relevant here, the TTCA provides that a governmental unit is liable for personal injury and death so caused by a condition or use of tangible personal or real property[2] if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. CIV. PRAC. & REM. § 101.021(2). Thus, for the TTCA's property waiver to apply, a condition or use of tangible personal or real property must be involved. *City of Houston v. Davis*, 294 S.W.3d 609, 612 (Tex. App.—Houston [1st Dist.] 2009, no pet.).

The TTCA also establishes exceptions to its waiver of immunity for tort liability. *See* CIV. PRAC. & REM. §§ 101.051–.066. Among those exceptions are intentional torts and responses to emergency calls and situations. *Id.* §§ 101.057(2), 101.055(2).

## A. Official Immunity

The City contends Officer Crawford retained his official immunity in connection with the events giving rise to Wagner's claim, precluding a waiver of the City's immunity under the TTCA. Official immunity protects government employees from personal liability. *Univ. of Houston v. Clark*, 38 S.W.3d 578, 580 (Tex. 2000). If official immunity shields a governmental employee from liability,

---

[2] The parties concede that Kozmo is tangible personal property, as recognized by the Texas Supreme Court in *Lira v. Houston German Shepherd Dog Rescue*, 488 S.W.3d 300 (Tex. 2016) and *Strickland v. Medlen*, 397 S.W.3d 184, 198 (Tex. 2013). *See also City of Houston v. Davis*, 294 S.W.3d 609, 613 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (concluding a dog is property for purposes of TTCA).

his governmental employer remains immune from vicarious liability for his actions. *Id.*; *see also City of Amarillo v. Pruett*, 44 S.W.3d 702, 707 (Tex. App.—Amarillo 2001, pet. denied) (if employee is immune from suit, he would not be personally liable to plaintiff and City would not have its common law immunity waived by the TTCA).

A governmental employee is entitled to official immunity: (1) for the performance of discretionary duties; (2) within the scope of the employee's authority; (3) provided the employee acts in good faith. *Id.* Official immunity is an affirmative defense; thus, the party asserting the defense has the burden to establish all of its elements. *Id.* Thus, in this case, the City had the burden of establishing all of the elements of the official immunity defense. If the City conclusively proved Officer Crawford is entitled to official immunity, his immunity would negate an essential jurisdictional fact, thereby depriving the trial court of subject-matter jurisdiction. *Harris Cnty. v. Avila*, No. 14-18-00182-CV, 2019 WL 1030332, at *2 (Tex. App.—Houston [14th Dist.] Mar. 5, 2019, no pet.) (mem. op.).

We begin by addressing the good-faith element of the official immunity defense as it is dispositive of the City's official-immunity assertion. The City had the burden to prove conclusively that a reasonably prudent police officer, under the same or similar circumstances, could have believed Officer Crawford's actions were justified based on the information he possessed at the time. *Telthorsteer v. Tennell*, 92 S.W.3d 457, 465 (Tex. 2002). Conclusory statements that a reasonable officer

could or would have taken some action will not establish good faith on a plea to the jurisdiction based upon a claim of official immunity. *See Clark*, 38 S.W.3d at 581.

Stating the good-faith test in the context of the facts of this case, we conclude in order to prove Officer Crawford acted in good faith, the City had to prove that a reasonably prudent officer, under the same or similar circumstances, could have believed that no further safeguards other than those employed by Officer Crawford were necessary in the handling of Kozmo during the pursuit. The City simply put forth Officer Crawford's affidavit in which he stated:

> I intentionally deployed Kozmo with an extended length lead as he and I were trained to do in situations such as this. A reasonable K-9 officer in my place would have used a similar leash as this is standard practice in those circumstances. Therefore, my use of that leash was in good faith.

There is no explanation in Officer Crawford's affidavit as to what "those circumstances" are, and his attempt to establish good faith, for the purposes of official immunity, falls short. His comments are limited to the length of the leash and the City presented no evidence establishing a reasonable officer would have taken the same actions Officer Crawford took as the events unfolded and failed to address the visual and spatial impediments that existed. Accordingly, we conclude the City did not meet its burden to present evidence that a reasonably prudent officer, under the same or similar circumstances, could have believed that the actions Officer Crawford took were justified. As a result, the trial court did not err in resolving the

City's official-immunity argument against it. *See Gomez v. City of Houston*, 587 S.W.3d 891, 901 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

**B.** **Requirement that the Injury Be Caused By the Use of Tangible Personal Property**

The City asserts there has been no waiver of immunity under the TTCA because Wagner's injuries were not caused by a condition or use of tangible personal property. Section 101.021(2) of the TTCA waives governmental immunity for injuries caused by a "condition or use" of tangible personal property. CIV. PRAC. & REM. § 101.021(2). The personal injury must be "caused by" the condition or use of the property. *Id.* Here, there is no dispute that the pleadings allege and the evidence establishes a personal injury proximately caused by Kozmo when he bit Wagner.

The dispute centers on whether Officer Crawford was *using* Kozmo when he bit Wagner. Within section 101.021(2), "use" means "to put or [to] bring into action or service; [or] to employ for or [to] apply to a given purpose." *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 246 (Tex. 2004). It is not enough to show that the property was involved. *Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 588 (Tex. 2001). Using that property must have actually caused the injury. *Id.* In considering whether property is in "use" for purposes of the TTCA, we consider the purpose for the property, whether the use of the property was a direct factor in the injury, and whether the property did more than merely furnish the condition that

–9–

made the injury possible. *Davis*, 294 S.W.3d at 612. The governmental unit must itself be the user. *Id.*

In this case, Kozmo was assisting Officer Crawford in his police duties by helping track and locate burglary suspects. Officer Crawford was the only person in possession of Kozmo when he bit Wagner; only the governmental unit was itself the user. *Id.* Accepting Wagner's pleadings as true and viewing the evidence presented in his favor, we conclude Officer Crawford was using Kozmo within the meaning of the TTCA's property waiver of immunity. *City of Houston v. Roman*, No. 01-15-01042-CV, 2016 WL 3748851, at *4 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (petition's assertion police dog was assisting the officer in his duties by helping track and locate defendant when defendant was injured alleged a claim for negligent use of a police dog for which the TTCA waives immunity); *see also Davis*, 294 S.W.3d at 611–13 (plaintiff alleged use of personal property by asserting that officer failed to secure the police dog that bit plaintiff).[3] Thus, the trial court did not err in resolving the City's causation argument against it.

## C. Intentional-Act Exception to Waiver of Immunity

The City contends Wagner's claim is excepted from the statutory waiver of government immunity because Officer Crawford acted intentionally when he

---

[3] The officer was using the dog within the meaning of the TTCA when a police dog leapt from the police cruiser's open door and bit the motorist as he stepped out of his car and approached the cruiser because the police dog's purpose was to assist in the officer's performance of his police duties, which the officer was carrying out at the time of the attack. *Davis*, 294 S.W.3d at 611–13.

deployed Kozmo and used him to track the burglary suspects. Section 101.057(2) of the Civil Practice and Remedies Code excepts from the TTCA's waiver of immunity a claim arising out of any intentional tort. CIV. PRAC. & REM. § 101.057(2); *see also Delaney v. Univ. of Houston*, 835 S.W.2d 56, 58 (Tex. 1992) (TTCA's waiver of sovereign immunity excludes claims arising out of assault, battery, false imprisonment, and any other intentional tort).

The City asserts that although Wagner has pleaded a claim for negligence, his pleading is simply an artful attempt to recast an intentional tort as negligence to evade the City's immunity. The City urges that Officer Crawford's affidavit conclusively established that he walked/ran with Kozmo exactly as he intended and in accordance with the training he received and, thus, the actions underlying Wagner's claims are intentional acts rather than potential acts of negligence and are excluded from the TTCA's waiver of immunity. While Officer Crawford stated in his April 8, 2022 affidavit, "I intentionally deployed Kozmo with an extended length lead as he and I were trained to do in situations such as this. . . . Following the Garland officer's direction, I intentionally proceeded to the left of him and Mr. Wagner since the route to the right would have required me to pass over rocky, sloping, difficult terrain. . . . At the time of the incident, I intentionally used a long lead for Kozmo due to the burglary in progress," simply using the term "intentionally" does not necessarily turn the operative act or acts into an intentional tort. But even if Officer Crawford handled Kozmo as he intended, he could still be

–11–

held liable for negligence if he failed to exercise reasonable care in doing so. *See, e.g., Roman*, 2016 WL 3748851, at \*2 (concluding even if the dog was under the officer's control generally, a defendant may be liable for negligence in handling an animal if he fails to exercise reasonable care to prevent the animal from injuring others); *see also Hucker v. City of Beaumont*, 144 F. Supp. 2d 696, 708 (E.D. Tex. 2001) (no impediment to proper characterization of negligence where the facts may show officers improperly or negligently used tangible personal property during arrest resulting in injury); *cf., Malone v. City of Fort Worth*, 297 F. Supp. 3d 645, 668 (N.D. Tex. 2018) (plaintiff's pleading against city based on officer's use of gun and canine to physically harm him alleged an intentional tort).

In his April 8, 2022 affidavit, Officer Crawford acknowledged that he did not intend for Kozmo to lunge at Wagner and he did not intend for Wagner to sustain an injury as a result of any act of his or Kozmo. In his March 29, 2020 memorandum, titled "Unintentional Bite," Officer Crawford established:

> [he] failed to properly control [his] lead and Kozmo darted from [his] left side to [his] right side and bit Mr. Wagner. . . . [He] believe[d] Mr. Wagner's and the officer's loud verbal dialogue and movements as [they] passed by redirected [Kozmo's] attention, resulting in the unintentional bite.
> . . . .
> The extremely dark environment, my belief that I had allowed enough room to safely get by Mr. Wagner, and my fall over PSD Kozmo when he cut in front of me all contributed to this outcome. That being said, the conditions and distance are things I should have anticipated and accounted for.

This is some evidence that raises a fact issue as to whether Officer Crawford failed to use reasonable care in handling Kozmo under the circumstances presented. Accordingly, we conclude that the intentional tort exception to the TTCA's waiver of immunity does not defeat Wagner's claim at this stage of the proceedings. *See Roman*, 2016 WL 3748851, at *3; *Sampson*, 500 S.W.3d at 392.

The City cites *Garland v. Rivera* for the proposition that the use of a police dog to locate and arrest a suspect is an intentional tort, which the TTCA excepts from its waiver of liability. 146 S.W.3d 334, 337–38 (Tex. App.—Dallas 2004, no pet.). *Rivera*, however, is distinguishable from the current case. In *Rivera*, when a suspect resisted arrest, the police used the dog, along with pepper spray, handcuffs, and "other departmentally issued property" to subdue him. *Id.* at 337. The suspect died of blunt-force trauma. *Id.* In that case, this Court held, in those circumstances, that the police officer's use of the police dog to subdue the suspect by force was an intentional battery, for which immunity was not waived. *See id.* at 337–38. In contrast, in this case, Officer Crawford indicated he did not deliberately use Kozmo to subdue Wagner or to injure him. Thus, *Rivera* is inapposite. *Id.* at 337.

We conclude the trial court properly refused to grant the City's plea on the basis of the intentional-tort exception to the TTCA's waiver of immunity. *See Sampson*, 500 S.W.3d at 392.

**D.     Emergency-Response Exception to Waiver of Immunity**

The City contends that Wagner's claim is excepted from the TTCA's waiver of immunity because the acts alleged occurred during Officer Crawford's response to an emergency call.  Section 101.055(2) of the Civil Practice and Remedies Code excepts from the waiver of immunity acts of an employee while responding to an emergency call or reacting to an emergency situation if the action is not taken with conscious indifference or reckless disregard for the safety of others.[4]  CIV. PRAC. & REM. § 101.055(2); *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 (Tex. 2006).  "Conscious indifference" to or "reckless disregard" for the safety of others are given their ordinary meaning because those terms are not defined in the TTCA. *City of Pasadena v. Kuhn*, 260 S.W.3d 93, 99 (Tex. App.—Houston [1st Dist.] 2008, no pet.).  To survive an evidentiary plea to the jurisdiction under the emergency exception to waiver of government immunity under the TTCA, the plaintiff is only required to present some evidence of recklessness or conscious disregard which creates a genuine issue of material fact.  *See, e.g.*, *Gillespie v. Galveston Cnty. Health*

---

[4] In its reply brief, the City, for the first time, asserts section 101.055(3) may except Officer Crawford's acts from the waiver of immunity.  TEX. R. APP. P. 33.1(a) (stating prerequisite to presenting complaint for appellate review); *Powell v. Knipp*, 479 S.W.3d 394, 408 (Tex. App.—Dallas 2015, pet. denied) (issues raised for first time in reply brief are ordinarily waived and may not be considered by an appellate court). Nevertheless, we note that subsection (3) provides, "This chapter does not apply to a claim arising: . . . from the failure to provide or the method of providing police or fire protection."  CIV. PRAC. & REM. § 101.055(3).  The method of performing an act refers to a governmental decision or plan for providing police or fire protection.  *Barefield v. City of Houston*, 846 S.W.2d 399, 405 (Tex. App.—Houston [14th Dist.] 1992, writ denied) (citing *State v. Terrell*, 588 S.W.2d 784, 788 (Tex. 1979)).  Under the TTCA, a governmental unit is immune from liability if the negligence which causes the injury lies in formulation of policy, such as a determination of the method of police protection; however, if an officer acts negligently in carrying out that policy, governmental liability may exist under the TTCA.  *Callis v. Sellars*, 931 F. Supp. 504, 522 (S.D. Tex. 1996).  Thus, the City's reliance on section 101.055(3) is misplaced.

*Dist.*, 639 S.W.3d 815, 820–22 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (genuine issue of material fact as to whether ambulance driver knew or should have known that driving through red light into intersection without slowing ambulance posed high degree or risk of serious injury precluded grant of county health district's plea to the jurisdiction based on emergency exception to TTCA's waiver of immunity in injured car passenger's motor vehicle negligence action).

The City asserts the emergency-response exception applies because Officer Crawford was assisting other officers, who were in foot pursuit of burglary suspects, when the complained-of acts occurred, and, in doing so, he did not act with conscious indifference or reckless disregard for the safety of Wagner. Wagner responds, asserting the emergency-response exception does not apply because when the attack occurred the suspects were running away from the police and there was no on-going emergency. Wagner further asserts that if there were an on-going emergency, Officer Crawford acted with conscious indifference or reckless disregard for his safety precluding the application of the emergency-response exception.

The parties recognize there are no cases that specifically address the issue of whether a police officer responding to a call for assistance in a foot pursuit of burglary suspects is an emergency situation contemplated by the legislature in enacting the emergency-response exception to the TTCA's waiver of immunity. Assuming, without deciding, Officer Crawford was responding to an emergency call or situation when Wagner was injured, the evidence raises a fact issue as to whether

–15–

Officer Crawford acted with conscious indifference or reckless disregard for Wagner's safety. Officer Crawford admitted in his memorandum, dated the day of the incident, that he "failed to properly control [his] lead" on Kozmo, that he believed he "had allowed enough room to safely get by Wagner," but that he should have "anticipated and accounted for" the "conditions and distance," including the "extremely dark environment" and Wagner's proximity. In addition, in his affidavit, attached to the City's plea to the jurisdiction, Officer Crawford stated Kozmo "tripped me as he cut in front of me while we were attempting to move to the left of the parties on the ground" and indicated that he "was unable to control Kozmo for several seconds. . . . (10 seconds or less)." Viewing this evidence in the light most favorable to Wagner, we conclude the evidence raises a fact issue as to whether Officer Crawford acted with conscious indifference or reckless disregard for the safety of Wagner. Thus, under the specific and unique facts presented in connection with the City's plea and the response thereto, the trial court properly refused to grant the City's plea on the basis of the emergency-response exception to the TTCA's waiver of immunity. *See Santibanes v. City of Tomball*, 654 F. Supp. 2d 593, 616 (S.D. Tex. 2009) (employee acts with conscious indifference or reckless disregard for safety of others if he committed act that he knew or should have known posed high degree of risk of serious injury).

We overrule the City's issues.

## CONCLUSION

We affirm the trial court's order denying the City's plea to the jurisdiction.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

Goldstein, J., dissenting

220826F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE CITY OF MESQUITE,
TEXAS, Appellant

No. 05-22-00826-CV      V.

ANTHONY WAGNER, Appellee

On Appeal from the 68th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-22-02864.
Opinion delivered by Justice
Kennedy. Justices Carlyle and
Goldstein participating.

In accordance with this Court's opinion of this date, the order of the trial court denying the City of Mesquite's plea to the jurisdiction is **AFFIRMED**.

It is **ORDERED** that appellee ANTHONY WAGNER recover his costs of this appeal from appellant THE CITY OF MESQUITE, TEXAS.

Judgment entered this 12th day of May 2023.